Charles N. Guthrie (SBN 76644)1
Attorney at Law
1650 8th Ave. # 305
San Diego, California 92101
619-230-8598
Attorney for: Johnnese H. Poomaihealani

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(HON. RUTH BERMUDEZ MONTENEGRO)**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHNNESE H. POOMAIHEALANI, <br><br> Defendant. | Case No. 23 CR 0615 - TWR <br><br> **POINT'S & AUTHORITIES IN SUPPORT OF MOTION COMPEL DISCOVERY** <br><br> Date: 3/21/2025 <br> Time: 9:00 a.m. <br> Judge: Hon Ruth Bermudez Montenegro |

_____

HERE COMES DEFENDANT JOHNNESE H. POOMAIHEALANIA, AND PRESENTS THE FOLLOWING POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO ORDER THE PROSECUTION TO TURN OVER DISCOVERY; PRESERVE EVIDENCE AND LEAVE FOR DEFENDANT TO FILE ADDITIONAL MOTIONS IN THE FUTURE.

///

///

///

1

25 CR 441 -RBM

POINTS & AUTHORITIES

I

STATUS OF DISCOVERY

BRIEF STATEMENT OF CASE

**Status of Discovery.** The Defense has not received discovery from the Prosecution.

**Statement of Case.** Ms. Johnnese H. Poomaihealani (2) is charged with count one of a two count Indictment which count one alleges she and her husband co-defendant Bailey A. Szramowski (1) (while in the United States Navy) in count one conspired to distribute Fentanyl and Cocaine up to up to February 2023, in violation of title 21 USC 841 (a) (1) and 846.

**Context of the Charges.** Ms. Poomaihealani is not charged in Count 2, which alleges a death was caused by her husband and co-defendant Szramowski who knowingly distributed a substance on December 30, 2022, that contained a detectable amount of fentanyl causing the death of A.N. in violation of Title 21 USC 841 (a) (1) and 841 (b) (1).

The charges were initially brought by the United States Navy as violations of the Code of Military Justice. Defendant Poomaihealani is a Master-at-Arms in the Navy/ MA3 (Stationed in San Diego) and on August 21, 2024, the Military Justice Prosecution was dismissed without prejudice and the case transferred to the Department of Justice Southern District of California.

II

MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Defendant moves to produce the following discovery and preserve evidence. This request includes discovery of which the government attorney may become

1  aware through the exercise of due diligence.  See Fed. R. Crim. P. 16.  This
2  request includes not just information that the prosecutor knows of.  It includes all
3  information that is in the custody, control, care or knowledge of any "closely
4  related investigative [or other] agencies."  United States v. Bryan, 868 F.2d 1032,
5  1040 (9th Cir. 1989).  At this point in the case no discovery has been produced and
6  the preservation of certain evidence that may be destroyed or put out of custody
7  and control of the government is specifically requested.  Counsel also anticipates
8  that when discovery is produced some may be subject to a protective order.
9       "Rule 16 of the Federal Rules of Criminal Procedure grants defendants a
10 broad right to discovery ..."  United States v. Doe, 705 F.3d 1134, 1150 (9th Cir.
11 2013).  The government must disclose all material evidence.  Fed. R. Evid. 16 E
12 (i).  "Materiality is a low threshold; it is satisfied so long as the information . . .
13 would have helped to prepare a defense."  United States v. Soto-Zuniga, 837 F.3d
14 992, 1003 (9th Cir. 2016) (internal quotation marks omitted).  "The test is not
15 whether the discovery is admissible at trial, but whether the discovery may assist
16 [the defendant] in formulating a defense, including leading to admissible
17 evidence." Id.  This includes both inculpatory and exculpatory information,
18 United States v. Muniz-Jaquez, 718 F.3d 1180, 1183 (9th Cir. 2013) and even
19 information that could "cause a defendant to completely abandon a planned
20 defense and take an entirely different path."  United States v. Hernandez-Meza,
21 720 F.3d 760, (9th Cir. 2013) (internal quotation marks omitted).  Ms.
22 Poomaihealani moves for the preservation and production of the following
23 evidence and all other evidence that can be reasonably fall under the herewith
24 discovery laws.
25                                         3
26
27                                                              25 CR 441 -RBM
28

III

**(1) Ms. Poomaihealani's Statements.** The government must disclose to Defendant all statements made by defendant; the substance of any statements made that the government intends to offer in evidence at trial; and response to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of oral statements contained in the handwritten notes of any government agents; and response to Miranda warnings that were or may have been given. Fed. R. Crim. P. 16 (1)(1)(A).

The Advisory Committee Notes and the 1991 Amendments to Rule 16 make it abundantly clear that the government has the obligation to reveal all a defendant's statements, whether oral or written, regardless of whether the government intends to make any use of these statements. Additionally, the government must "disclose any written record which contains reference to a relevant oral statement by a defendant which was in response to interrogation, without regard to whether the prosecution intends to use the statements at trial." Fed. R. Crim. P. 16 Advisory Committee Notes (1991 Amendment) (emphasis added).

**(2) Brady Material.** Ms. Poomahealani requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/ or which affects the credibility of the government's case. See Generally Brady v. Maryland, 373 U.S. 83 (1963). They further request that the government comply with its affirmative duty to seek out this information from anyone acting on the government's behalf. See Kyles v. Whitley, 514

**(3)** US 419, 437 (1995) ([T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police."). This information should be produced promptly after its existence becomes known to the government.

Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. Unite States v. Bagley, 473 US 667 (1985); United States v. Aagurs, 427 US 97 (1976). Brady also requires disclosure of information that is favorable to either "guilt or punishment," and therefore includes information that may result in a lower sentence, including any cooperation or attempted cooperation, or any information obtained from other investigations or interrogations that could result in a lower sentence. Brady, 373 U.S. at 87. Ms. Poomaihealani specifically requests all favorable information obtained in other investigations, other interrogations, or other interviews that could be exculpatory or otherwise provide information that bears on the resulting sentence including the alleged role of others in the offense.

"[T]rial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect outcome of the trial." United States v. Olsen, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013). Thus the prosecutor may not withhold favorable information based on the prosecutor's belief that an appellate court would find the evidence immaterial. See United States v. Bundy, 968 F.3d 1019, 1033 (9th Cir. 2020)

If the government fails to adhere to its Brady obligations, Ms. Poomaihealani requests that this Court impose all appropriate sanctions pursuant to the Court's orders under Federal Rule of Criminal Procedure 5(f)

1  and the Due Process Protection Act.   Pub. L. No. 116-182, 134 Stat. 894
2  (2020)    Requiring that the judge shall issue an oral and written order to
3  prosecution and defense counsel that confirms the disclosure obligation of the
4  prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and
5  the possible consequences of violating such order under applicable law.").
6  This remedy can and should include dismissal of the case.   Bundy, 968 F.3d at
7  1045 (approving remedy of dismissal for Brady violations).
8  **(4)  Arrest Reports, Notes, Dispatch Tapes, and Audio/Video Recordings**
9  **under Rule 16(a) (1).**   Ms. Poomaihealani specifically requests all arrest
10  reports, notes, dispatch, and/or other audio/video recordings that relate to the
11  circumstances surrounding the arrest and questioning to include the calls made
12  to the police as well as anybody worn camera footage of events related to her
13  arrest and distribution of fentanyl and/ or controlled substances.   This request
14  includes, but is not limited to, audio recordings, video recordings, rough notes,
15  records, reports, in-field communication between officers, transcripts, or other
16  documents in which statements of Ms Poomaihealani or any other discoverable
17  materials contained.   This information is all discoverable under Fed. R. Crim.
18  P. 16(a)(1)(A) and Brady.   In addition, the government must produce
19  recordings, arrest reports, investigators notes, memos from arresting officers,
20  sworn statements, and any other reports relating to any statement made by Ms.
21  Poomaihealani under Fed. R. Crim. P. 16(a)(1)(B) and (c), 26.2.   Preservation
22  of rough notes is specifically requested even if the government does not deem
23  them discoverable at this time.   United States v. Harris, 543 F.2d 1247, 1253
24  (9th Cir. 1976) ("We reiterate our holding, however, that the FBI must hereafter
25  preserve the original notes taken by agents during interview with prospective

1  government witnesses or with an accused.")

2  **(5) Evidence Seized.**   Ms. Poomaihealani requests production of evidence seized
3      as a result of any search, ether warrantless or with a warrant.   Fed. R. Crim. P.
4      16(a)(1) (E) The defense also requests any warrant applications that may have
5      been filed and any warrants that have issued.

6       Ms. Poomaihealani asks to inspect any seized evidence before trial.
7  Specifically, the defense requests the opportunity to inspect the any property
8  seized, including any physical evidence seized in this case.   Finally, the defense
9  requests the opportunity to inspect all cell hones seized, as well as the production
10 of any evidence obtained as the result of that seizure.

11     **(6)   Request for Preservation of Evidence.**   Where evidence is seized, "the
12     government should take every reasonable precaution to preserve it."
13     United States v. Sheiden, 508 F.2d 898, 903 n.1 (9th Cir. 1974).   [W]hen the
14     government fails to comply with preservation requests and allows evidence
15     to be destroyed, it likely runs afoul of its discovery disclosure requirements
16     under Fed.R. Crim. P. 16."   United States v. Zafagoza-Moeira, 780 F.3d
17     971, 981 (9thCir. 2015)

18       Ms. Poomaihealani specifically requests the preservation of all physical
19 evidence that may be destroyed, lost, or otherwise put out of the possession,
20 custody, or care of the government and which relates to the arrest or the events
21 leading to the arrest in this case.   This request includes, but is not limited to:
22     A. Any and all audio and video recordings of the surrounding events that
23        took place, including any witness statements and the entirety of all
24        officer's body worn camera footage;
25     B. Any testing conducted on any seized evidence to include phone

1  downloads and any testing on the seized drugs and samples;
2  C. Personal effects from any deceased person.
3  D. Photographic or video evidence of any personal effects of any deceased
4     persons related to the purported distribution of drugs by defendant or any
5     other person or potential witness in this case.
6  E. Personal effects from any deceased person.
7  F. Photographic or video evidence of any personal effects of any deceased
8     person related to the purported distribution of fentanyl or other drugs by
9     any other potential witness in this case.
10 G. Any evidence seized from Ms. Poomaihealani or any third party in
11    relation to this case, including any cellular phones and the data on the
12    phones; and
13 H. Any audio or video recordings of Ms. Poomaihealani or any third parties
14    related, directly or indirectly, to this case.
15 **(7) Evidence Material to Preparing the Defense or To Be Used In the**
16 **Government's Case in Chief.**   Ms. Poomaihealani seeks, under Fed. R.
17 Crim. P. 16 (a)(1) ( E ), to inspect and/ or copy , as well as test, if necessary,
18 all documents and tangible objects (including for example, photographs,
19 documents, data, reports, regarding the alleged drugs, any fingerprint
20 analyses, any vehicle, or any other objects that have been seized) that are
21 material to the   preparation of the defense, or intended for use in the
22 government's case-in-chief, or were obtained from or belong to Ms.
23 Poomaihealani.   Fed. R. Crim. P. 16(a)(1)( E ).   Through this request, Ms.
24 Poomaihealani intends to invoke the full scope of this rule, which provides
25 Ms. Poomaihealani access to any document or object that is material to the

preparation of the defense.

This request includes any information supporting a third-party culpability defense, specifically, but not limited to, reports and the names of informants that "might potentially give information that would lead to the identification of the persons" responsible for placing drugs in a defendant's car.   See Soto-Zaniga, 837 F. 3d at 1003 (reversing where government failed to disclose such information); see also United States v. Stever, 603 F.3d 747, 753 (9th Cir. 2010) ("Evidence that makes it more likely that a Mexican DTO-any Mexican DTO-was responsible for this operation makes it less likely that Stever was.

**(8)  Any Proposed 404 (b) Evidence.**   The government must produce evidence of prior similar acts under Fed. R. Crim P. 16(a)(1) and Fed. R. Evid. 404 (b), and any prior convictions which would be used to impeach as noted in Fed. R. Crim P. 609.   In Addition, under Fed. R. Evid. 404 (b), upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404 (b) at trial.   Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."   United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982)   (internal citations omitted).   Ms. Poomiahealani requests such notice two weeks before trial in order to give the defense adequate time to investigate and prepare for trial.

Evidence of prior similar acts includes any "TECS" records that the government intends to introduce at trial, whether in its case-in-chief, impeachment or rebuttal.   See United States v. Vega, 188 F. 3d 1150, 1154 (9th Cir. 1993)

| | |
|---|---|
| 1 | (concluding that the defendants prior border crossing were "other acts" evidence |
| 2 | subject to disclosure under 404 )b)). |
| 3 | **(9)  Expert Witnesses.**   Ms. Poomaihealani requests the name, qualifications, |
| 4 | and a written summary of the testimony of any person that the government |
| 5 | intends to call as an expert witness during its case in chief.   Fed. Crim. P. |
| 6 | 16 (a)(1)(G).   This request includes, but is not limited to, disclosure of the |
| 7 | qualifications of any government witness who will testify that they |
| 8 | understand/ or speaks Spanish or any other foreign language that may have |
| 9 | been used during the course of an interview with any other witness. |
| 10 | The defense requests the notice of expert testimony be provided at leat |
| 11 | two weeks prior to trial so that the defense can properly prepare to address and |
| 12 | respond to this testimony, including by obtaining its own expert and/ or |
| 13 | investigating the opinions and/ or the credentials of the government's expert, and |
| 14 | obtaining a hearing in advance f tgrial to determine the admissibility of any exper. |
| 15 | Wee Kumbo Tire Co., Ltd. V. Carmichael, 526 US 137, 152 (1999) (trial judge is a |
| 16 | gatekeeper and must determine reliability and relevancy of expert testimony and |
| 17 | such determinations may require "special briefing or other proceedings.") |
| 18 | **(10)      Evidence of Bias or Motive to Lie.**   Ms. Poomaihealani requests |
| 19 | any evidence that any prospective government witness is biased or |
| 20 | prejudiced against Ms. Poomaihelania or has a motive to falsify or distort |
| 21 | his or her testimony.    Bagley, 473 US at 676. |
| 22 | **(11)      Evidence of Investigation of Any Government Witness.**  Ms. |
| 23 | Poomaihealani requests any evidence that any prospective government |
| 24 | witness has engaged in any criminal act, whether or not resulting in a |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1 conviction, or is under investigation b federal, state or local authorities for any
2 potentially criminal conduct.  See Fed. R. Evid. 608,  609 and 613; Brady, 373
3 US 83.

4 **(12)    Evidence Affecting Perception, Recollection, Ability to**
5 **Communicate, or Truth Telling.**   The defense requests any evidence,
6 including any medical or psychiatry report or evaluation, that tends to show
7 than any prospective witness' ability to perceive, remember, communicate,
8 or tell the truth I impaired, and any evidence that a witness has ever used
9 drugs or other controlled substance, or has ever been an alcoholic..  United
10 States v. Strifler, 851 F.2d 1197 (9th Cir 1988).

11 **(13)    Jencks Act Material.**   Ms. Pooomaihealani requests all material to
12 which they are entitled pursuant to the Jencks Act, 18 USC 3500, and Fed.
13 R. Crim. P. 26.2, including dispatch tapes, in advance of   the motion
14 hearing or trial.   A verbal acknowledgment that "rough" notes constitute
15 an accurate account of the witness' interview is sufficient for the report or
16 notes to     qualify as a statement under section 3500 €(1).   Campell v.
17 United States, 373 US 487, 490-92 (1963' see also United States v.
18 Bossbell, 952 F. 2d 1101 (9th Cir. 1991) (holding that interview notes
19 constitute Jencks material when an agent review notes with the subject of
20 the interview); see also United States v. Riley, 189 F.3d 802, 806-808 (9th
21 Cir. 1999).

22 Advance production will avoid the possibility of delay of the motion
23 hearing or trial to allow Ms.   Poomaihealani to investigate the Jencks material.
24 Ms. Poomaihealani requests pre-trial disclosure of such statements to avoid
25 unnecessary recesses and delays and to allow the defense counsel to prepare for,

26                                  11
27                                              25 CR 441 -RBM
28

and use, properly any Jencks statements during cross-examination.

**(14)** Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972, Ms. Poomaihealani requests all statements and/ or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be use for the impeachment of any government witnesses. This request includes any express or implicit pro mise, understanding, off of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding including any implicit understanding relating to criminal or civil income taxes, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/ or local). This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution or any possible plea bargain, even if no bargain ultimately was made, or the advice not followed.

This request also specifically includes any discussions with a potential witness regarding that witness' immigration status and/ or any effect that the witness; statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status.  For purposes of this request, "immigration status" includes, but is not limited to citizenship, nationality, a green card, border crossing card, parole letter, visa application, or any kind of permission to remain in the United States.

**(15)** **Scientific and Other Information.** Ms. Poomaihealani specially requests the results of any scientific or other tests or examinations, including testing done on the alleged drugs, any reports prepared by the government

pertaining to any cellular telephone that were seized in this case, any autopsy reports, medical examinations, and the results of any fingerprint analysis. See Rule 16(a)(1)(F)

**(16)  Informants and Cooperating Witnesses.**  The defense requests disclosure of the names(s), address(es), and locations(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the charged crime. Roviaro v. United States, 353 US 52, 61-62 (1957) ("Where the disclosure of an informer's identity, or of the contents of her communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.")United Stqte3s v Struckman, 611 F.3d 560, 580 (9th Cir. 2010) (applying Roviaro).

The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady, 373 U.S. 83; Giglio, 405 U.S. at 154-55; see also United States v. Bernal-Obeso, 989 F.2d 331, 336 (9th Cir1993) (finding that critical lie by informant-witness was exculpatory and, as a result, discoverable under Brady). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id.

**(17)    Personnel Records of Government Officers Involved in the Arrest.**  Ms. Poomaihealan is specifically requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest and interrogation in this case, pursuant to Pitches v. Superior Court 11 Cal.3d 531, 539 (1974)

**(18)    Government Examination of Law Enforcement Personnel Files.**
Ms. Poomaihealani requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers.   They request that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v, Henthorn, 931 F. 2d 29 (9th Cir. 1991) ("the obligation [for the government] to examine the files arises by virtue of the making of a demand for their production."); see also Kyless v. Whitley, 514 US 419, 437 (1995)) (holding that ""the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police").

**(19)    Any Prior Criminal Record.**   Ms. Poomaihealani requests disclosure of any prior criminal record.   Fed. R. Crim. P. 16(a)(1)(D).   Ms. Poomaihealani requests that the government produce not only rap sheet, but also copies of any documents in the possession, custody or control of the government that relate to any prior convictions upon that the government intends to rely at trial or sentencing.

**(20)**    Request for all evidence the government intends to use in their case in chief under FRCP 12(b)(4)(B) to evaluate a motion to suppress.

### III
### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Upon review of discovery the defense may need to file additional motions.

1. The Defense requests permission to file additional motions.
2. Dated: 3/10/2025
3. Respectfully submitted,
4.
5. S/Charles N. Guthrie
   Charles N. Guthrie, Atty at Law
   Attorney for: Johnnese Poomaihealani

15

25 CR 441 -RBM