ADAM GORDON
United States Attorney
KEITH D. ELLISON
Assistant U.S. Attorney
California Bar No. 307070
SAMSON J. SCHATZ
Special Assistant U.S. Attorney
California Bar No. 326551
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9659/7666

Attorneys for Plaintiff
United States of America

FILED
SEP 14 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
BAILEY A. SZRAMOWSKI,
Defendant.

Case No. 25-CR-441-RBM

**Plea Agreement**

It is hereby agreed between the plaintiff, the United States of America, through its counsel, Adam Gordon, United States Attorney, Keith D. Ellison, Assistant United States Attorney, and Samson J. Schatz, Special Assistant United States Attorney, and Defendant, Bailey A. Szramowski, with the advice and consent of Elizabeth M. Barros and Jessica J. Oliva, counsel for Defendant, as follows:

//

//

KDE:8/11/26

# I

## The Plea

*A. The Charge*

Defendant agrees to waive indictment and plead guilty to Count 3 of a Superseding Information charging Defendant with:

> Beginning on a date unknown, and continuing up to and including February 2023, within the Southern District of California, and elsewhere, defendant BAILEY A. SZRAMOWSKI, and others known and unknown, knowingly and intentionally conspired and agreed with each other to distribute: (1) at least 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl) propanamide (commonly known as fentanyl), a Schedule II Controlled Substance, and (2) a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi), and 846.

The Government agrees to (1) move to dismiss the remaining charges pending against Defendant without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

*B. Package Disposition*

This plea agreement is part of a "package" disposition, as further described in Section VI.e. below. For Defendant to receive the benefit of this agreement, codefendant Johnnese H. Poomaihealani must plead guilty at the same time.

*C. Parties' Agreement as to Filings*

In contemplation of this plea agreement, Defendant agrees not to file or argue any substantive motions, including those described in Rule 12 of the Federal Rules of Criminal Procedure. Defendant shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless Defendant has entered a guilty plea in open court.

*D. Forfeiture*

Defendant agrees to the administrative or civil forfeiture of all properties seized in connection with this case, which Defendant agrees are subject to forfeiture to the United States under 21 U.S.C. § 881. Defendant waives Defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims any interest in the properties to be forfeited as described above. Defendant agrees not to contest or to assist any other person or entity in contesting the forfeiture of properties seized in connection with this case. By signing this plea agreement, Defendant is hereby withdrawing all claims and all petitions relating to or arising from the seizure and forfeiture of properties in connection with this case.

**II**

**Nature of the Offense**

*A. Elements Explained*

The offense to which Defendant is pleading guilty has the following elements:

1. Beginning on a date unknown and continuing up to and including February 2023, there was an agreement between two or more persons to distribute controlled substances; and
2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

In addition, for purposes of sentencing, the Government would have to prove beyond a reasonable doubt that the offense involved at least 40 grams of a mixture and substance containing a detectable amount of fentanyl.

*B. Factual Basis—Elements Understood and Admitted*

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning not later than August 2022, and continuing up to and including January 2023, within the Southern District of California, and elsewhere, Defendant and others knowingly and intentionally conspired and agreed with each other to distribute controlled substances, including (1) oxycodone, (2) cocaine, and (3) 3,4-Methylenedioxy-methamphetamine (MDMA). Defendant admits that at least some of the oxycodone pills that Defendant conspired to distribute were, in fact, counterfeit oxycodone pills containing fentanyl. Defendant represented to customers that the pills he distributed were "Percocet"—a legitimately manufactured, brand-name drug containing the active ingredient of the opioid oxycodone—with reckless disregard that such pills were not Percocet. Defendant and his coconspirators primarily distributed controlled substances to active-duty U.S. Navy servicemembers stationed in San Diego, California. In furtherance of the conspiracy, Defendant admits that he and his coconspirators committed the following acts:

   a. Defendant sold A.B., an active-duty U.S. Navy servicemember, approximately 3.5 grams of cocaine for $300 on November 28, 2022.

   b. On November 17, 2022, Johnnese H. Poomaihealani sent Defendant $330 via Cash App to buy purported oxycodone pills. That same day, Defendant purchased purported oxycodone pills for $330 from a source whom he communicated with using Telegram Messager. Defendant requested the pills be delivered to Poomaihealani in San Antonio, Texas. The following day, November 18, 2022, after Defendant told Poomaihealani that the pills had arrived, Poomaihealani arranged the sale of one of the pills to J.T., an active-duty U.S. Navy servicemember who was with Poomaihealani in San Antonio, Texas. Defendant messaged Poomaihealani that "Its [$]30 for one [pill]." On November 19, 2022, Defendant received a $30 Cash App payment from J.T. for the sale of the pill. Defendant thereafter sent $30 to Poomaihealani as payment for her role in brokering the drug deal.

   c. On November 25, 2022, Defendant told Poomaihealani he would be "selling 2gs [two grams] of coca[ine] tmw [tomorrow]."

   d. On December 30, 2022, in San Diego, California, Defendant provided A.N., an active-duty U.S. Navy servicemember, with 10 purported oxycodone pills. A.N. overdosed and died on or around January 3, 2023. A forensic pathologist for the Alameda County Coroner's Bureau determined that A.N.'s cause of death was "Acute Fentanyl Intoxication."

   e. On January 3, 2023, after having learned of A.N.'s overdose and death, Defendant sent text messages to G.G., A.N.'s fiancée, instructing her to "[g]et [A.N.'s] phone" and "delete mine and his msgs on snapchat instagram and the normal phone" so that law enforcement would not find them because he "could go to prison" and "will prob[ably] go down for murder."

   f. On January 13, 2023, 10 days after A.N.'s death, in San Diego, California, Defendant sold three purported oxycodone pills to C.L., another active-duty U.S. Navy servicemember. Defendant

represented to C.L. that the pills were Percocet with reckless disregard that such pills may not have been Percocet. In fact, Defendant obtained the pills from the same dealer who had supplied him with the pills that he provided to A.N., knowing that source was not a legitimate source of Percocet, and knowing that A.N. may have ingested pills containing fentanyl. C.L. ingested the pills that day and had to be transported to a hospital for a suspected overdose where he recovered. On January 18, 2023, Defendant and Poomaihealani called C.L. and instructed C.L. to tell law enforcement he received the pills from A.N. and not Defendant. Defendant had also previously sold C.L. similar pills.

2. Over the course of the conspiracy, Defendant conspired to distribute more than 40 grams of a mixture or substance containing a detectable amount of fentanyl and more than 20 grams of a mixture or substance containing a detectable amount of cocaine.

## III

## Penalties

The crime to which Defendant is pleading guilty carries the following penalties:

a. A maximum 40 years in prison, and a mandatory minimum 5 years.

b. A maximum $5,000,000 fine.

c. A mandatory special assessment of $100 per count.

d. A term of supervised release of at least 4 years and up to life. Failure to comply with any of the conditions of supervised release could result in revocation of supervised release, which could result in Defendant serving in prison all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

e. Possible ineligibility for certain Federal benefits.

f. Forfeiture to the United States of all property involved in the offense and all property traceable to such property.

## IV

## Waiver of Trial Rights

By entering this guilty plea, Defendant waives the right at trial to:

a. Continue to plead not guilty and require the government to prove the elements of the crime beyond a reasonable doubt.

b. A speedy and public trial by jury.

c. The assistance of counsel at all stages of trial.

d. Confront and cross-examine adverse witnesses.

e. Testify and present evidence and to have witnesses testify on behalf of Defendant.

f. Not testify or have any adverse inferences drawn from the failure to testify.

## V

## No Pretrial Right to Impeachment Information

Any information known to the undersigned prosecutor establishing the Defendant's factual innocence in this case has been turned over to Defendant, and the government will continue to provide any information establishing the Defendant's factual innocence.

If this case proceeded to trial, the government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the government would be required to provide information in its possession that supports such a defense. By pleading guilty, Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack based on the existence of this information.

## VI

## Guilty Plea Is Knowing and Voluntary

Defendant represents that:

a. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license. None of these collateral consequences can serve as grounds to withdraw Defendant's guilty plea.

b. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

c. No one has threatened Defendant or Defendant's family to induce this guilty plea.

d. Defendant is pleading guilty because Defendant is guilty and for no other reason.

e. The disposition contemplated by this agreement is part of a "package' disposition with codefendant Johnnese H. Poomaihealani. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

## Agreement Limited to Southern District of California

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authority in any type of matter, although the government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## Applicability of Sentencing Guidelines

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the statutory maximum. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the government have an opportunity to review and challenge the presentence report. Defendant agrees to request that a presentence report be prepared. Nothing in this plea agreement limits the government's duty to provide complete and accurate facts to the District Court and the U.S. Probation Office.

## IX

## Sentence Is Within Sole Discretion of Judge

This plea agreement is made in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge, who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation made by the government at sentencing is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## Parties' Sentencing Recommendations

*A. Sentencing Guideline Calculations*

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, and Adjustments:

| | | |
|---|---|---|
| 1. | Base Offense Level – §§ 2D1.1(a)(5),(c)(8)[1] | 24 |
| 2. | Obstruction of Justice – § 3C1.1(b)(1) | +2 |
| 3. | Acceptance of Responsibility – § 3E1.1 | −3 |

*B. Acceptance of Responsibility*

Despite paragraph A above, the government need not recommend an adjustment for acceptance of responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility. Such conduct includes, but not limited to, the following:

[1] The parties agree that Defendant conspired to distribute controlled substances, including 40 grams of fentanyl and 20 grams of cocaine, corresponding to 104 kilograms of Converted Drug Weight and offense level 24.



Def. Initials BS

1. Failure to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denying or making a statement inconsistent with the factual basis set forth in this agreement.

2. Falsely denying prior criminal conduct or convictions.

3. Being untruthful with the government, the Court, or a probation officer.

4. Breaching this plea agreement in any way.

*C. Further Adjustments and Sentence Reductions*

Defendant may not request or recommend additional downward adjustments or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The government may oppose any downward adjustments or variances not set forth in section X, paragraph A above.

*D. No Agreement as to Criminal History Category*

The parties have no agreement as to Defendant's criminal history category, except that, if Defendant is determined to be a career offender, the parties agree that Defendant is automatically in Criminal History Category VI under USSG § 4B1.1(b).

*E. "Factual Basis" and "Relevant Conduct" Information*

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

*F. Parties' Recommendations Regarding Custody*

The government will recommend that Defendant be sentenced to a term of 96 months' imprisonment. Defendant agrees to recommend that Defendant be sentenced to a term of imprisonment not less than 60 months.

*G. Special Assessment and Fine*

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 per felony count of conviction to be paid at the time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court



Def. Initials BS

by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties have no agreement as to a fine and the government may recommend that Defendant pay a monetary fine to be paid at the time of sentencing. The government may also recommend an additional fine to cover the cost of imprisonment, supervised release, or probation, in accordance with 18 U.S.C. § 3572(a)(6).

*H. Supervised Release*

The government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek early termination of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessment, fine, criminal forfeiture judgment, and restitution judgment.

**XI**

**Defendant Waives Appeal and Collateral Attack**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are that (1) Defendant may appeal a custodial sentence above 96 months; and (2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the government may support on appeal the sentence or restitution order actually imposed.

**XII**

**Breach of the Plea Agreement**

Defendant and defense counsel know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is,



Def. Initials BS

deliberately not raised despite awareness that the claim could be raised) and cannot later be made to any court. If such claims are later made to a court, it shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement, regardless of whether the plea agreement has been accepted by the Court. The following are non-exhaustive examples of acts constituting a breach:

a. Failing to plead guilty pursuant to this agreement.

b. Failing to fully accept responsibility as established in section X, paragraph B, above.

c. Failing to appear in court.

d. Attempting to withdraw the plea.

e. Failing to abide by any court order related to this case.

f. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of section XI of this plea agreement.

g. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the government will be relieved of all its obligations under this plea agreement. For example, the government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed because of this agreement. Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges. In addition, the government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the government's pursuit of remedies for Defendant's breach.



Def. Initials BS

If Defendant breaches this plea agreement, the following are admissible against Defendant in any prosecution of, or any action against, Defendant: (1) any statements made by Defendant, under oath, at the guilty plea hearing (before either a magistrate judge or a district judge); (2) the factual basis statement in section II.B of this agreement; and (3) any evidence derived from such statements. Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the government, or are inadmissible under the Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure Rule 11(f), or any other federal rule.

**XIII**

**Contents and Modification of Agreement**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing and signed by all parties.

**XIV**

**Defendant and Counsel Fully Understand Agreement**

By signing this agreement, Defendant certifies that Defendant has read it (or it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

## XV

### Defendant Satisfied with Counsel

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

8/12/2026
Dated

KEITH D. ELLISON
Assistant U.S. Attorney

8/12/26
Dated

ELIZABETH M. BARROS
JESSICA J. OLIVA
Defense Counsel

**In addition to the foregoing provisions to which I agree, I swear under penalty of perjury that the facts in the "factual basis" paragraph above are true.**

8/11/26
Dated

BAILEY A. SZRAMOWSKI
Defendant

Approved by:

*/s/ Lawrence A. Casper*
LAWRENCE A. CASPER
Assistant U.S. Attorney

*rev. 11/20/2025 def*